NOT FOR PUBLICATION                                                                                    CLOSED

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GLENN MARIANO, et al., | Civil Action No.: 12-342 (JLL) |
| Plaintiffs, | |
| v. | OPINION |
| AMERICAN MORTGAGE NETWORK, INC., et al., | |
| Defendants. | |

This matter comes before the Court by way of: (1) Defendants American Mortgage Network, Inc. ("American Mortgage") and Wells Fargo Bank, N.A. ("Wells Fargo") jointly filed Motion to Dismiss Plaintiffs Glenn Mariano and Lore Mariano ("Plaintiffs")'s Complaint for failure to state a claim upon which relief may be granted [Docket Entry No. 8]; and (2) Defendant Elite Title Group ("ETG")'s Motion to Dismiss on the same basis [Docket Entry No. 12]. The Court has considered the submissions of the Parties in support of and in opposition to the instant motion, and decides the motion on the papers pursuant to Fed. R. Civ. P. 78. For the reasons stated herein, Defendants' Motions to Dismiss Plaintiffs' federal claims are granted, and Plaintiffs' federal claims are dismissed with prejudice. The Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims, and Defendants' Motions to Dismiss as to Plaintiffs' state law claims are denied as moot.

**I. BACKGROUND**

Plaintiff homeowners Glenn and Lore Mariano are a married couple who had two mortgages on their Jersey City, New Jersey residence: the first, original mortgage was in the

amount of $325,000 in 2000, and the second, fixed-rate mortgage refinancing the home, dated September 5, 2008 ("2008 mortgage"), was for $585,727.00 over 30 years, guaranteed by the FHA, and held by Mortgage Electronic Registration Systems ("MERS"). (Compl., ¶¶ 1, 12, 19). Defendants American Mortgage and Wells Fargo are, respectively, the lender for the 2008 mortgage and the servicer of the mortgage note for said mortgage. (Id., ¶¶ 2, 5). Defendant ETG was the escrow company and closing agent for the refinancing, and provided title insurance for the 2008 mortgage. (Id., ¶ 6). The 2008 mortgage was executed by Plaintiffs to refinance their home in a debt consolidation effort since, immediately prior to the execution of said mortgage, Plaintiffs owed a debt of $551, 519 on their first mortgage and $29,333 in consumer debt. (Id., ¶¶ 13, 15). Plaintiffs claim that Defendants used Plaintiffs' concern about the loan terms on the first mortgage as an opportunity to "bait the hook for a second loan by promising an early refinancing on better terms." (Id., ¶ 99).

Plaintiffs specifically assert that a number of irregularities and discrepancies occurred at the closing of the 2008 mortgage. (Id., ¶¶ 29-32). Plaintiffs claim that the loan application for refinancing their home was not prepared by them, and that the mortgage: (1) lists no lender; (2) left unsigned the interest rate lock-in disclosure and agreement; and (3) required homeowners to have $7,077.11 at the closing to purchase the premises when Plaintiffs had no liquid assets. (Id., ¶¶ 10, 20, 23, 32). Plaintiffs also allege that Defendants: (1) engaged in predatory lending by using "bait and switch" tactics, promising them low, fixed interest rates with low or no fees and lower monthly payments compared to their current payments; (2) extended credit to them without providing them with accurate material disclosures, including listing MERS as the nominee on the Mortgage but not listing the name of the lender, and without informing them of the pros and cons

of their mortgage or advising them as to comparisons with similar loan products with other lenders; and (3) rushed Plaintiffs through the paperwork while concealing loan terms, using aggressive and unfair sales tactics, and failing to make statutory disclosures. (Id., ¶¶ 47-50, 91-96, 102). Plaintiffs assert that Defendants failed to deliver various loan papers to them, precluding them from understanding the loan terms, including the loan's cost. (Id., ¶ 51). They further state that Defendants have a "uniform practice of removing certain documents, such as those relating to the prepayment penalty, before presenting the documents to the customer for signing," and that at the closing, Defendants "presented and compelled Homeowners to sign certain acknowledgments, including acknowledgments concerning last-minute changes in loan terms, that were inconsistent with previous oral representations and disclosures that did not satisfy with [sic] Defendants['] disclosure obligations." (Id., ¶¶ 70, 72). In addition, Plaintiffs claim that their HUD-1 Settlement Statement charged fees not disclosed or underdisclosed on the initial Good Faith Estimate ("GFE"). (Id., ¶¶ 31). Plaintiffs finally contend that Defendant American Mortgage demanded eleven months of "cushion" that Plaintiffs pay into escrow, an excessive amount in violation of the Real Estate Settlement Practices Act ("RESPA") and New Jersey law. (Id., ¶¶ 36-42).

      Plaintiffs filed their 16-count Complaint asserting federal and state law claims against Defendants in the Superior Court of New Jersey, Hudson County, on October 12, 2011. [Docket Entry No. 1]. Defendants American Mortgage and Wells Fargo removed the action to this Court on January 19, 2012. [Id.]. On February 7, 2012, Defendants American Mortgage and Wells Fargo filed their joint Motion to Dismiss Plaintiff's Complaint. [Docket Entry No. 8]. Defendant ETG filed its Motion to Dismiss Plaintiff's Complaint on February 17, 2012. [Docket Entry No.

12].¹  On March 19, 2012, Plaintiffs filed their Opposition to Defendants' Motions, acknowledging Defendants' arguments for dismissal of their federal claims and stating that they were "of the opinion that these claims should be dismissed without prejudice." [Docket Entry No. 16-1].  Plaintiffs further requested that the Court remand the action to state court pursuant to 28 U.S.C. § 1447(c) since the Court no longer had any federal question jurisdiction over the matter under 28 U.S.C. § 1331.  (Pls. Opp'n Br., at 2).  This Court accordingly requested that the parties either: (1) file a notice of voluntary dismissal of this action without prejudice to Plaintiffs' rights to pursue their state-law claims in state court; or (2) each submit a letter memorandum showing cause why the Court should exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiffs' remaining state-law claims. [Docket Entry No. 23].  Defendants submitted supplemental briefing to support their argument that the Court exercise supplemental jurisdiction over Plaintiffs' claims on April 30, 2012.  [Docket Entry No. 24].  Plaintiffs also submitted supplemental briefing on the same date arguing that Plaintiffs' state law claims should be remanded to state court. [Docket Entry No. 25].

## II.  LEGAL STANDARD

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949  (2009) (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  The plausibility standard is not akin to a "'probability requirement,' but it asks for more than a sheer

---

¹Throughout this Opinion, the brief in support of the Motion to Dismiss filed by Defendants American Mortgage and Wells Fargo will be cited as follows: (Defs. Br., at [page number)].  Defendant ETG's Motion to Dismiss will be cited as follows: (Def. Br., at [page number)].

possibility that a defendant has acted unlawfully"; mere consistency with liability is insufficient. Id. In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949. The burden of proof for showing that no claim has been stated is on the moving party. Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005)(citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)). During a Court's threshold review, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." In re Rockefeller Ctr. Props., Inc., 311 F.3d 198, 215 (3d Cir. 2002). In accordance with the adoption of the new Iqbal standard by the Supreme Court, the Third Circuit held that the "no set of facts" standard set forth in Conley v. Gibson, 33 U.S. 41, 45-46 (1957) no longer applied to federal complaints. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). District courts now reviewing complaints for failure to state a claim must engage in a two-part analysis:

> First, the factual and legal elements of a claim should be separated. . . . Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."

Id. (citations omitted).

### III. DISCUSSION

.A.  Plaintiffs' Federal Claims

    1.  Truth in Lending Act ("TILA") Claim

Plaintiffs' Complaint alleges a series of TILA violations by all Defendants based on Defendants' alleged failure to provide Plaintiffs with accurate material disclosures. (Compl., ¶¶ 45-46). Specifically, Plaintiffs allege that Defendants: (1) improperly listed MERS as the nominee on the 2008 mortgage instead of listing the name of Defendant lender (Id., ¶ 47); (2) failed to inform Plaintiffs of the benefits and detriments of the 2008 mortgage in language that they could understand (Id., ¶ 48); (3) failed to advise Plaintiffs to compare similar loan products with other lenders (Id., ¶ 49); (4) failed to deliver various loan papers precluding Plaintiffs from understanding the terms of the loan, including the loan's cost (Id., ¶ 50); (5) failed to offer Plaintiffs other loan products that might be more advantageous to them under the same qualifying matric (Id., ¶ 51); and (6) failed to make complete and accurate disclosures more generally (Id., ¶ 52).

Defendants argue that Plaintiffs' TILA claims for damages must fail as a matter of law because they are time barred by the one-year statute of limitations period. (Defs. Br., at 6; citing 15 U.S.C. § 1640(e)("Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation."); Def. Br., at 17-19). The date of the violation is the date of the closing when the transaction was consummated, that is, when "a consumer becomes contractually obligated on a credit transaction." 12 C.F.R. § 226.2(a)(13); Blackhall v. Access Group, 2010 U.S. Dist. LEXIS 99596, at * 9 (D.N.J. Sept. 22, 2010)("Under TILA, a claim must be brought within one year from the date of the occurrence of the violation. . . . The Third Circuit has held that in the case of a loan, the date of the TILA violation is when the loan contract is executed")(citing Bartholomew v. Northampton Nat'l Bank of Easton, 584 F.2d 1288, 1296 (3d

Cir. 1978)). Since Plaintiffs' loan closed on September 5, 2008, Defendants contend, Plaintiffs' claim is barred since it was filed four years beyond the applicable one-year statute of limitations for TILA violations. (Defs. Br., at 7). Further, even assuming <u>arguendo</u> that American Mortgage did not provide the requisite disclosures, which Defendants do not admit, they nevertheless argue that the expanded right to rescind a mortgage in the context of improper disclosures expires within three years after the origination of the loan, still barring Plaintiffs' TILA claims. (<u>Id.</u>; <u>citing</u> 15 U.S.C. § 1635(f) ("An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first."); 12 C.F.R. § 226.23(a)(3) ("If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation.")). Defendant ETG also argues that it is not subject to TILA since it is not a consumer "creditor" as defined by the statute. (Def. Br., at 20-21). Plaintiffs do not contest that their TILA claims are time-barred. (<u>See</u> Pls. Opp'n Br., at 1).

Claims under the TILA must be brought within one to three years of the alleged violation. <u>See</u> 15 U.S.C. § 1640(e)(TILA claims must be brought within one year of the date of the occurrence of the violation); <u>Kliesh v. Select Portfolio Servicing, Inc.</u>, 419 Fed. Appx. 268, 271 (3d Cir. 2011). A claim for rescission under TILA allows for an expansion beyond the one-year statute of limitations, but this expanded right to rescind is "completely extinguishe[d]" at the end of the three-year period. <u>See</u> 15 U.S.C. § 1635(a) and 12 C.F.R. § 226.23(a)(1)-(3)("Regulation Z")(claims for rescission under TILA are barred by the three-year statute of limitations period); <u>Beach v. Ocwen Fed. Bank</u>, 523 U.S. 410, 412 (1998); <u>Williams v. Wells Fargo Home Mortg., Inc.</u>, 410 Fed. Appx. 495, 498 (3d Cir. 2011).

In the case at bar, Plaintiffs' 2008 mortgage closed on September 5, 2008. (Compl., ¶

19). Therefore, the latest date by which Plaintiffs could file their claim under the expanded right to rescind would be September 5, 2011. Since Plaintiffs filed their Complaint in the Superior Court of New Jersey, Hudson County on October 12, 2011, their TILA claims are thus barred by the statute of limitations.

      2.  Real Estate Settlement and Procedures Act ("RESPA") Claim

Plaintiffs claim that all Defendants violated their rights under the RESPA through maintaining a uniform practice of removing certain documents, including those relating to the prepayment penalty, prior to presenting documents to customers for execution, thus denying Plaintiffs a meaningful opportunity to review the documents. (Compl., ¶¶ 70, 71). Further, Plaintiffs allege that, at the closing to the 2008 mortgage, all Defendants presented and compelled them to sign certain acknowledgments that were inconsistent with prior oral representations and disclosures. (Id., ¶ 72). Finally, Plaintiffs assert that all Defendants demanded escrow in the amount of eleven months of charges rather than the five months required by statute. (Id., ¶ 79).

Defendants argue that Plaintiffs' RESPA claim should be dismissed for two reasons: (1) there is no private right of action for alleged technical disclosure violations under RESPA; and (2) Plaintiffs' claim for monetary damages is barred by the one-year statute of limitations. (Defs. Br., at 9-11)(citing 12 U.S.C. § 2614)(RESPA claims for monetary damages are barred by the one-year statute of limitations that applies to technical violations, which runs "from the date of the occurrence of the violation."). Plaintiffs do not contest that their RESPA claims are time-barred. (See Pls. Opp'n Br., at 1).

Claims under the RESPA must be brought within one to three years of the alleged

8

violation. See 12 U.S.C. § 2614 (RESPA claims brought pursuant to 12 U.S.C. § 2605 are to be filed within three years of the alleged violation, and RESPA claims brought pursuant to 12 U.S.C. §§ 2607 and 2608 must be filed within one year of the violation). As stated above, Plaintiffs' 2008 mortgage closed on September 5, 2008, and thus the date by which Plaintiffs needed to have filed their claims under the RESPA would be September 5, 2011. (See Compl., ¶ 19). Since Plaintiffs did not so file, their RESPA claims are thus barred by the statute of limitations.

B.  Plaintiffs' State Law Claims and Supplemental Jurisdiction

    1.  Supplemental Jurisdiction

Having dismissed the claims over which this Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(c)(3). Judicial economy dictates that there is no significant interest served by keeping this matter in federal court. See Growth Horizons, Inc. v. Delaware County, Pa., 983 F.2d 1277, 1284-85 (3d Cir. 1993). The Court remands the remaining state law claims to state court for final adjudication in accordance with Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 357 (1988)("The discretion to remand enables district courts to deal with cases involving pendent claims in the manner that best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine.").

## IV.  CONCLUSION

For the reasons set forth above, Defendants' Motions to Dismiss Plaintiffs' federal claims are GRANTED, and Plaintiffs' federal claims are dismissed with prejudice. The Court declines

to exercise supplemental jurisdiction over Plaintiffs' state law claims.  Accordingly, Defendants' Motions to Dismiss as to Plaintiffs' state law claims are denied as moot, and the remaining state law claims are remanded to the Superior Court of New Jersey, Hudson County.  An appropriate Order accompanies this Opinion.


DATED: May 15, 2012                                     /s/ Jose L. Linares
                                                                United States District Judge